# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARLIN SANTANA THOMAS, Defendant. | Case No. 25-cr-58-LTS-MAR <br><br> **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

## I. INTRODUCTION

On July 9, 2025, the Grand Jury charged Defendant with four counts of Sex Trafficking Victims by Force, Fraud, and Coercion in violation of 18 U.S.C. Sections 1591(a)(1) and 1591(b)(1) and four counts of Transportation of Victims for the Purpose of Prostitution Through Coercion and Enticement in violation of 18 U.S.C. Section 2422(a). (Doc. 3.)

The matter before the Court is Defendant's Motion to Dismiss. (Doc. 44.)[1] The Government timely filed a resistance. (Doc. 51.) The Honorable Leonard T. Strand, United States District Court Judge, referred the motion to me for a Report and Recommendation. On December 9, 2025, I held a hearing on Defendant's Motion to Dismiss due to improper venue. (Doc. 82.) For the following reasons, I respectfully recommend that the District Court **deny** Defendant's Motions to Dismiss without prejudice.

---

[1] Defendant's other motion to dismiss at Doc. 42 remains pending.

1

## II. DISCUSSION

### A. The Parties' Arguments

While it may be an oversimplification, Defendant essentially argues that not enough of the alleged criminal conduct occurred in the Northern District of Iowa to permit prosecution in this district under 18 U.S.C. Section 3237(a). The Government denies Defendant's contention. More to the immediate point, however, the Government asserts that, so long as the indictment adequately alleges venue, it is not the Court's job at this stage to examine the underlying evidence and decide the venue issue. Rather, where the indictment, as in this case, expressly alleges that the offenses occurred "in the Northern District of Iowa" the issue must be determined by the jury.

At the hearing, Defendant advised the Court that the motion was primarily to preserve the argument for trial, including his intention to raise the issue for jury instructions.

### B. Analysis

> *United States v. Hardaway* held:
>
> When a defendant moves to dismiss for lack of venue, however, the court must presume the truth of the allegations in the indictment and consider whether venue is proper based on those allegations. *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16, 72 S.Ct. 329, 96 L.Ed. 367 (1952); *United States v. Engle*, 676 F.3d 405, 415-16 (4th Cir. 2012); *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (footnote omitted). To go beyond the face of the indictment, and challenge the sufficiency of the government's evidence on venue, Hardaway was required to proceed to trial and put the government to its burden of proof.

999 F.3d 1127, 1130 (8th Cir. 2021).

2

In the case at bar, each count of the indictment alleges that the offense occurred "in the Northern District of Iowa and elsewhere." (Doc. 3.) Since the allegation of venue is sufficient, the Court should make no further inquiry into the adequacy of venue at this stage. It is helpful to know the parties' positions on the issue for the purposes of jury instructions and trial, but it would be ainappropriate to further interrogate the facts supporting venue unless and until it is raised later in the proceedings. Thus, the motion is premature and should be denied without prejudice to refiling.

### III. CONCLUSION

For the reasons set forth above, I respectfully recommend the District Court **deny** Defendant's Motion to Dismiss without prejudice. (Doc. 44.)

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 9th day of December, 2025.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa